**FAULKENBURY v. TEACHERS' AND STATE EMPLOYEES' RETMNT. SYS.**

[335 N.C. 158 (1993)]

DOROTHY M. FAULKENBURY, ON BEHALF OF HERSELF AND ALL OTHERS SIM-
ILARLY SITUATED v. TEACHERS' AND STATE EMPLOYEES' RETIREMENT
SYSTEM OF NORTH CAROLINA, A CORPORATION; BOARD OF TRUSTEES
TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF
NORTH CAROLINA, A BODY POLITIC AND CORPORATE; DENNIS DUCKER,
DIRECTOR OF THE RETIREMENT SYSTEM DIVISION AND DEPUTY TREASURER OF THE
STATE OF NORTH CAROLINA (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);
HARLAN E. BOYLES, TREASURER OF THE STATE OF NORTH CAROLINA AND
CHAIRMAN OF THE BOARD OF TRUSTEES TEACHERS' AND STATE EMPLOYEES' RETIRE-
MENT SYSTEM OF NORTH CAROLINA (IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES);
AND STATE OF NORTH CAROLINA

No. 94A93

(Filed 5 November 1993)

Appeal by plaintiff, pursuant to N.C.G.S. § 7A-30(2), from the decision of a divided panel of the Court of Appeals, 108 N.C. App. 357, 424 S.E.2d 420 (1993), reversing in part orders entered by Cashwell, J., on 28 June 1991 in Superior Court, Wake County. Heard in the Supreme Court on 15 October 1993.

*Marvin Schiller, and Womble Carlyle Sandridge & Rice, by G. Eugene Boyce and Susan S. McFarlane, for plaintiff-appellant.*

*Michael F. Easley, Attorney General, by Edwin M. Speas, Jr., Senior Deputy Attorney General, and Norma S. Harrell and Tiare B. Smiley, Special Deputy Attorneys General, for defendant-appellees.*

PER CURIAM.

This is an action filed 5 November 1990 for declaratory judgment and injunctive relief in which plaintiff alleges various claims which she contends entitle her and all similarly situated to her to the relief sought. Plaintiff alleges that she is a disability retired school teacher who retired in 1983 and whose rights to certain disability retirement benefits of the Teachers and State Employees' Retirement System became vested in 1968. She contends that certain statutory changes, which took effect in 1982, to the method by which disability retirement benefits are calculated have caused defendants to underpay her benefits and the benefits of all who are similarly situated. In plaintiff's prayer for relief she seeks (1) to have her action certified as a class action; (2) a declaration that the 1982 amendments may not be constitutionally applied to her and the class of which she is a member; (3) a declaration that

**FAULKENBURY v. TEACHERS' AND STATE EMPLOYEES' RETMNT. SYS.**

[335 N.C. 158 (1993)]

she and the class have a vested contractual right to have benefits calculated under the statute as it existed before the amendment; (4) an injunction requiring defendants to pay to the class "all funds" to which plaintiff and the class are entitled and to comply with their fiduciary duties "to inform all class members of their vested right to receive disability pension benefits" in accordance with the statute as it existed before the amendment; and (5) recovery of costs and attorneys fees.

The complaint asserts claims sounding in (1) violation of various provisions of the United States Constitution and 42 U.S.C. § 1983; (2) violation of various provisions of the North Carolina Constitution and Chapter 128 of the General Statutes; (3) breach of fiduciary duty; and (4) constructive or resulting trust.

Defendants answered, setting up various immunity defenses, and the defenses of the statute of limitations, laches, failure to exhaust administrative remedies, and lack of personal and subject matter jurisdiction. Defendants' answer sought to have the action dismissed for failure to state a claim upon which relief could be granted and on the basis of the defenses asserted.

The trial court denied defendants' motions to dismiss and allowed plaintiff's motion for class certification as to certain sub-classes but denied it as to a sub-class relating to future disability retirees. Plaintiff took voluntary dismissals without prejudice as to defendants Ducker and Boyles individually.

Defendants appealed, assigning error to the trial court's denial of its motions to dismiss and to its allowance of class certification.

The Court of Appeals unanimously affirmed the trial court's rulings on class certification and its denial of defendants' motion to dismiss plaintiff's claims based on the constitutional prohibition against impairment of contracts. The Court of Appeals unanimously reversed, on the ground the statute of limitations had run, the trial court's denial of defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claim. A majority of the Court of Appeals reversed, on the ground plaintiff had failed to state a claim upon which relief could be granted, the trial court's denial of the motion to dismiss plaintiff's breach of fiduciary duty claim. Judge Walker dissented only from this part of the decision.

Plaintiff appealed to us on the basis of Judge Walker's dissent and on the basis of her contention that other issues determined

by the Court of Appeals raised substantial constitutional questions. Plaintiff also petitioned for discretionary review of additional issues determined by the Court of Appeals. We denied plaintiff's petition for discretionary review and allowed defendants' motion to dismiss plaintiff's appeal insofar as the appeal was based on what plaintiff contended were substantial constitutional questions.

The only question before us, therefore, is whether the Court of Appeals properly reversed the trial court's denial of defendants' motion to dismiss plaintiff's breach of fiduciary duty claim for failure to state a claim upon which relief could be granted. We conclude that this decision should be affirmed.

AFFIRMED.