ROSALIND DUBLIN, HARRY EARP, JOSEPHINE WALL GODWIN, GUADALUPE IBARRA, ALICE WARREN AND JULIA F. STOREY, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS v. UCR, INC. AND U-CAN RENT, INC., JAMES S. ARCHER, AND JANICE ARCHER, CHRYSLER FIRST COMMERCIAL CORPORATION AND U-CAN RENT, INC. (U-CAN II), DEFENDANTS v. VOYAGER PROPERTY AND CASUALTY INSURANCE COMPANY AND AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, THIRD-PARTY DEFENDANTS

No. 9311SC958

(Filed 21 June 1994)

1. **Parties § 70 (NCI4th); Courts § 87 (NCI4th)— class certification order—review by second judge—modification— changed circumstances**

A second judge was not authorized by N.C.G.S. § 1A-1, Rule 23 to review and modify another judge's prior order for class certification. However, the class certification order was interlocutory in the sense that it was made in the progress of the cause and directed a further proceeding preliminary to the final decree, and a subsequent judge could thus modify the order for circumstances which changed the legal foundation for the prior order.

**Am Jur 2d, Courts §§ 87 et seq.; Parties §§ 43 et seq.**

2. **Parties § 70 (NCI4th)— class certification order—erroneous decertification by second judge**

The trial court erred by vacating another judge's order of class certification as to the original defendants and by decertifying the class against those defendants based on the addition of new defendants and purported new claims against them where the new defendants and purported new claims in no way affected the nature of the claims asserted against the original defendants, and there were thus no changed circumstances on the issue of class certification as to the original defendants.

**Am Jur 2d, Parties §§ 43 et seq.**

3. **Appeal and Error § 89 (NCI4th)— denial of class certification—immediate appeal**

An order denying a motion for class certification, although interlocutory, is immediately appealable because it affects a substantial right.

**Am Jur 2d, Appeal and Error § 62.**

DUBLIN v. UCR, INC.

[115 N.C. App. 209 (1994)]

4. **Parties § 70 (NCI4th)— class certification—erroneous denial as to third-party defendant**

The trial court erred by denying class certification as to the third-party defendant insurer where plaintiffs alleged that insurance premiums provided by rent-to-own contracts with the original defendants exceeded amounts permitted by law and constituted unfair and deceptive practices; the original defendants impleaded the third-party defendant insurer seeking indemnity for any sums for which they may be found liable based on plaintiffs' claim that they charged excessive insurance fees; plaintiffs then asserted a crossclaim against the insurer alleging that it charged excessive insurance premiums and that this conduct constituted an unfair and deceptive practice; and the class of plaintiffs was entitled as a matter of law to proceed against the insurer because plaintiffs' crossclaim related to the subject matter of the action between the original defendants and the insurer and because the crossclaim merely realleged claims which another judge had found to be appropriate for class action procedure.

**Am Jur 2d, Parties §§ 43 et seq.**

5. **Parties § 70 (NCI4th); Corporations § 208 (NCI4th); Fraudulent Conveyances § 39 (NCI4th)— class action certification—extension to successor corporation—equity— bulk transfer law**

The trial court erred by refusing to extend class action certification as to defendant U-Can Rent II in an action based upon alleged excessive finance charges, insurance premiums and default charges provided in rent-to-own contracts with the original corporate defendants, UCR and U-Can Rent I, where UCR defaulted on a debt to defendant Chrysler; all of the assets of UCR and U-Can Rent I were transferred to Chrysler, which simultaneously transferred the assets to U-Can Rent II, a newly formed corporation; and U-Can Rent II, as transferee of those assets, obtained the rights to the contracts which were the subject matter of plaintiffs' original complaint and continued to operate the U-Can Rent I store using the same offices, employees, equipment and forms previously used by U-Can Rent I. Plaintiffs are entitled to proceed as a class against U-Can Rent II on the claims asserted in the original complaint because (1) it would be inequitable to permit a transfer of all of the assets of a corporation defending a class action to a newly formed corporation so as to make

DUBLIN v. UCR, INC.

[115 N.C. App. 209 (1994)]

the original corporation judgment proof and to allow the successor corporation to escape the class action claims; and (2) plaintiffs are creditors of UCR and U-Can Rent I since they held claims against those corporations before the transfer of their assets to U-Can Rent II, and the transfer was ineffective as to plaintiffs' class action claims because UCR and U-Can Rent II failed to comply with the notice to creditors requirements of the bulk transfer provisions of the U.C.C. set forth in N.C.G.S. §§ 25-6-104 and 25-6-109.

**Am Jur 2d, Corporations §§ 2862-2870; Fraudulent Conveyances §§ 267-270; Parties §§ 43 et seq.**

6. **Parties § 70 (NCI4th)— additional defendants—refusal to extend class action certification—no abuse of discretion**

In this class action based on alleged excessive finance charges, insurance premiums and default charges in rent-to-own contracts, the trial court could properly exercise its discretionary authority by refusing to extend class action certification to a lender who transferred the original corporate defendants' assets to a newly formed corporation and to the individual defendants who were officers and the sole shareholder of the original corporate defendants, since there was no basis which would entitle plaintiffs as a matter of right to proceed against these defendants on the claims contained in the original complaint.

**Am Jur 2d, Parties §§ 43 et seq.**

7. **Appeal and Error § 118 (NCI4th)— denial of summary judgment—no right of appeal**

An interlocutory order denying a motion for summary judgment did not affect a substantial right and thus was not immediately appealable.

**Am Jur 2d, Appeal and Error § 104.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

Appeal by plaintiffs from order signed 3 June 1993 in Johnston County Superior Court by Judge William C. Gore, Jr., and cross-appeal by third-party defendant Voyager Property and Casualty Insurance Company from order entered 26 February 1992 in Johnston County Superior Court by Judge Robert L. Farmer. Heard in the Court of Appeals 11 May 1994.

DUBLIN v. UCR, INC.

[115 N.C. App. 209 (1994)]

On 22 February 1990, plaintiffs filed a class action complaint against UCR, Incorporated (UCR) and U-Can Rent, Incorporated (U-Can Rent I). UCR and U-Can Rent I were corporations organized under the laws of Georgia and were authorized to do business in North Carolina. The named plaintiffs and the members of the class they purported to represent were customers of U-Can Rent I, a rent-to-own store located in Selma, North Carolina. The named plaintiffs and the class they sought to represent entered into contracts for the rental of consumer goods at U-Can Rent I. The rental contracts contained options to purchase the property during or at the end of the lease period. Plaintiffs alleged in the class action complaint that: (1) the contracts violated the North Carolina Retail Installment Sales Act (RISA) and the Racketeer Influenced and Corrupt Organizations Act (RICO); (2) defendants engaged in unfair and deceptive trade practices; and (3) the insurance premiums provided by the rent-to-own contracts exceeded amounts permitted by law. UCR and U-Can Rent I answered by denying the material allegations of the complaint and asserting affirmative defenses.

On 19 October 1990, plaintiffs filed a motion seeking to certify the case as a class action. On 29 November 1990, UCR and U-Can Rent I moved to add Voyager Property and Casualty Insurance Company (Voyager) and American Bankers Insurance Company of Florida (American) as third-party defendants. Voyager and American insured the property which was the subject of the lease-purchase contracts entered into by plaintiffs.

On 3 December 1990, Judge Wiley F. Bowen entered an order granting plaintiffs' motion for class certification. Defendants James and Janice Archer were officers of UCR and U-Can Rent I, and James Archer was the sole shareholder of UCR and U-Can Rent I. The Archers, who resided outside of North Carolina, had not been served with process at the time Judge Bowen certified the case as a class action; therefore, Judge Bowen reserved decision on the question of class certification with respect to James and Janice Archer.

On 31 December 1990, Judge Bowen granted the original defendants' (UCR and U-Can Rent I) motion to add Voyager and American as third-party defendants, and third-party complaints were served on Voyager and American. Plaintiffs filed a crossclaim against Voyager, and Voyager asserted a counterclaim against the original defendants. On 9 September 1991, all parties to the action consented to the entry

DUBLIN v. UCR, INC.

[115 N.C. App. 209 (1994)]

of an order which fixed 31 December 1990 as the date for the closing of the class of plaintiffs.

On 4 October 1991, Voyager moved pursuant to Rule 56 of the North Carolina Rules of Civil Procedure for summary judgment as to the third-party complaint and plaintiffs' crossclaim. This motion was denied by Judge Farmer on 26 February 1992. On 17 February 1992, Judge Farmer approved a settlement between the plaintiffs and American. By the terms of the settlement agreement, all claims against American were dismissed with prejudice.

On 31 July 1991, plaintiffs moved to amend their complaint to add Chrysler First Commercial Corporation (Chrysler) and U-Can Rent, Incorporated (U-Can Rent II) as defendants. Chrysler provided financing to the original defendants. In May of 1991, Chrysler, because of a default by UCR, foreclosed on the debt instruments issued by UCR and transferred UCR's assets to U-Can Rent II, a newly formed corporation organized under the laws of Georgia, which continued to operate the Selma store. In consideration for his consulting services, a covenant not to compete, and a guarantee to cooperate in the operation of U-Can Rent II, U-Can Rent II paid James Archer $645,000. On 9 September 1991, Judge Anthony M. Brannon granted plaintiffs' motion to add Chrysler and U-Can Rent II as defendants. Plaintiffs' amended complaint asserted claims against Chrysler and U-Can Rent II under RISA based on the same contracts described in the complaint filed against the original defendants. In addition, plaintiffs alleged that the transfer of assets from UCR through Chrysler to U-Can Rent II was a transfer in fraud of creditors. Plaintiffs also alleged that Chrysler and U-Can Rent II, as successors in interest to UCR, were subject to all the claims previously asserted against the original defendants. On 24 August 1992, plaintiffs filed a motion in which they sought to add James and Janice Archer as defendants. On 12 October 1992, Judge Jenkins granted the motion, and plaintiffs filed a supplementary complaint against the Archers which alleged a claim for transfer in fraud of creditors. On 14 January 1993, defendants James and Janice Archer moved, pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure, to dismiss the claim. On 8 February 1993, Judge Gore denied the Archers' motion.

On 23 February 1993, plaintiffs filed a motion to extend the previously granted class certification order entered by Judge Bowen on 3 December 1990 to Voyager, Chrysler, U-Can Rent II, and James and Janice Archer. Judge Gore denied plaintiffs' motion to extend class

**DUBLIN v. UCR, INC.**

[115 N.C. App. 209 (1994)]

certification to the new defendants. Judge Gore vacated the 3 December 1990 order entered by Judge Bowen, decertified the class previously certified by Judge Bowen, and denied plaintiffs' motion for class certification as to the original defendants. Plaintiffs appeal from the 3 June 1993 order entered by Judge Gore, and Voyager cross-appeals from the 26 February 1992 order entered by Judge Farmer.

*East Central Community Legal Services, by Leonard G. Green; and Gulley and Calhoun, by Michael D. Calhoun; for plaintiffs-appellants.*

*Wishart, Norris, Henninger & Pittman, P.A., by June K. Allison and Brian P. Gavigan, for defendants-appellees UCR, Inc., U-Can Rent I, James S. Archer, and Janice Archer.*

*Smith Helms Mullis & Moore, L.L.P., by James L. Gale and Paul K. Sun, Jr., for defendant-appellee Chrysler First Commercial Corporation.*

*Mast, Morris, Schultz & Mast, P.A., by George B. Mast and T. Michael Lassiter, Jr., for defendant-appellee U-Can Rent II.*

*Hatch, Little & Bunn, by David H. Permar and Walter N. Rak, for third-party defendant Voyager Property and Casualty Insurance Company.*

WELLS, Judge.

Based on the following findings contained in the 3 December 1990 order, Judge Bowen concluded that the case should be certified as a class action as to UCR and U-Can Rent I:

BASED UPON the record herein and the arguments of counsel for the parties, the plaintiffs have established and the court finds that:

(1) There exists a class of named and unnamed plaintiffs who have an interest in the same issues of law and fact, which issues include, but are not limited to:

(a) Whether their contracts with defendants included finance charges in excess of those permitted under North Carolina's Retail Installment Sales Act (RISA).

(b) Whether their contracts with defendants included charges for insurance premiums in excess of those permitted by RISA, or in violation of N.C. Gen. Stats., Chapter 75, N.C. Gen. Stat. § 58-57-90, other applicable laws or public policy.

(c) Whether their contracts with defendants included default charges in excess of those permitted under RISA, or in violation of Chapter 75, other applicable laws, or public policy.

(d) Whether the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. (RICO), by charging and collecting from plaintiffs more than twice the applicable interest rate allowed.

(e) Whether the defendants' actions in charging excessive finance charges, insurance premiums and default charges constitute unfair or deceptive trade practices in violation of Chapter 75.

(f) The plaintiffs' measure of damages for the violations of the aforesaid laws.

2. The aforesaid common issues predominate over any issues affecting only individual class members.

3. The plaintiff class is composed of:

All natural persons who are current or future residents of North Carolina and who entered or do enter into a lease-purchase contract, as defined in the plaintiffs' complaint, in Johnston County, North Carolina, or had an existing contract, as defined in the plaintiffs' complaint, with any defendant, which contract:

(a) was entered into on a date within four (4) years before February 22, 1990 (the date on which the plaintiffs' Complaint was filed); or

(b) upon which a payment has been made within four (4) years before February 22, 1990; or

(c) was entered into after February 22, 1990.

4. The number of class members is so large as to make joinder of all class members impracticable. The defendants have delivered to the plaintiffs approximately 4,413 contracts. According to the defendants, these include all of the existing contracts in effect when the defendants purchased the business in October, 1987, and those contracts entered into through May 29, 1990.

5. The plaintiffs have reviewed each of these contracts, and have completed a contract data sheet for each contract. These data sheets show pertinent information taken from each contract.

**DUBLIN v. UCR, INC.**

[115 N.C. App. 209 (1994)]

6. The defendants have delivered to the plaintiffs computer print-out records of approximately 3,076 customers who are plaintiff class members.

7. As used herein, the term "named plaintiffs" includes Rosalind Dublin, Harry Earp, Josephine Wall Godwin, Guadalupe Ibarra, Alice Warren and Julia Storey.

8. The named plaintiffs understand their obligation to fairly represent the interests of the class members, and have willingly and voluntarily assumed said obligation.

9. The named plaintiffs will fairly and adequately insure the representation of the interests of all class members.

10. There is no conflict of interest between the named plaintiffs and the class members.

11. The named plaintiffs have a genuine personal interest in the outcome of this action.

12. The named plaintiffs are members of the class which they seek to represent, and properly represent the class. For example, all of the named plaintiffs have paid the defendants lease-purchase payments and insurance premiums. All of the named plaintiffs except Mr. Earp have paid the defendants default charges.

13. The defendants have acted or failed to act on grounds generally applicable to the class members, thereby making final declaratory, injunctive and monetary relief appropriate with respect to the class as a whole.

14. A class action will prevent multiple lawsuits based upon these same legal and factual issues, and is superior to any other available method for the fair and efficient adjudication of the class members' claims.

15. The prosecution of separate actions by individual class members would create a risk of inconsistent or conflicting adjudications.

16. Counsel for the plaintiffs possess the requisite experience and skills with which to competently represent the plaintiff class.

The 3 June 1993 order entered by Judge Gore denied plaintiffs' motion for class certification as to the Archers, Voyager, Chrysler, and U-Can Rent II. The order also vacated Judge Bowen's order,

**DUBLIN v. UCR, INC.**

[115 N.C. App. 209 (1994)]

decertified the class, and "denied" plaintiffs' motion for class certification as to UCR and U-Can Rent I. This order provides in pertinent part:

> Because the addition of new defendants and new claims has materially changed this lawsuit, the Court must reexamine de novo, on the present record, the question of class certification. The Court has evaluated the impact of the new defendants and new claims on the balance of individual and common questions and on the propriety of the class action procedure in this case. The Court makes these findings of fact and conclusions of law and holds that this case may not proceed as a class action.
>
> . . .
>
> ### The Prior Order Is Not Binding
>
> 2. The December 1990 order certifying the class against UCR and U-Can Rent I is not binding on James Archer, Janice Archer, Voyager, Chrysler First, and U-Can Rent II. *Estridge v. Denson*, 270 N.C. 556, 155 S.E.2d 190 (1967); *Kayler v. Gallimore*, 269 N.C. 405, 152 S.E.2d 518 (1967).
>
> ### The Prior Order Is Not Controlling
>
> 3. The December 1990 order certifying the class against UCR and U-Can Rent I was an interlocutory order. *Faulkenbury v. Teachers' and State Employees' Retirement System*, 108 N.C. App. 357, 424 S.E.2d 420 (1993).
>
> 4. This Court has authority to review and modify or change the December 1990 interlocutory order on class certification as to UCR and U-Can Rent I upon a finding of changed circumstances. Calloway v. Ford Motor Co., 281 N.C. 496, 189 S.E.2d 484 (1972); Tridyn Industries, Inc. v. American Mutual Liability Insurance Co., 46 N.C. App. 91, 264 S.E.2d 357 (1980).
>
> 5. The addition of new parties and new claims since entry of the December 1990 interlocutory order on class certification as to UCR and U-Can Rent I constitutes a material change in the circumstances of this case.
>
> 6. Plaintiffs' addition of new parties and new claims to this action necessarily modifies the balance of common and individual questions. The prior ruling on class certification balancing those issues as to claims against only UCR and U-Can Rent I should not

and cannot control the inquiry that must be applied to this case in its current posture.

7. Plaintiffs' addition of new parties and new claims to this action therefore undermined the vitality of the prior ruling on class certification. Zenith Laboratories, Inc. v. Carter-Wallace, Inc., 64 F.R.D. 159 (D.N.J. 1974), aff'd, 530 F.2d 508 (3d Cir.), *cert. denied,* 429 U.S. 828 (1976).

8. This Court must make a de novo determination, on the present record, whether this case should proceed as a class action. The additional discovery undertaken by the parties has added substantial, material information to the record that was unavailable in December 1990, and that is properly considered by this Court in ruling on plaintiffs' motion. Abercrombie v. Lum's, Inc., 345 F. Supp. 387 (S.D. Fla. 1972).

9. The December 1990 class certification order effectively consolidated for trial the claims of all members of the proposed class, and such a pre-trial order cannot be binding. Oxendine v. Catawba County Department of Social Services, 303 N.C. 699, 281 S.E.2d 370 (1981).

10. The Court concludes that it would be inefficient and unmanageable to try plaintiffs' claims as a class action against some defendants and as an individual action against other defendants.

11. On separate and independent grounds, the Court rules that it has the inherent discretionary authority under Rule 23 and Crow v. Citicorp Acceptance Co. to review and change, modify, or overrule a prior order on class certification. Cf. Nobles v. First Carolina Communications, Inc., 108 N.C. App. 127, 423 S.E.2d 312 (1992), rev. denied, 333 N.C. 463, 427 S.E.2d 623 (1993).

We conclude that Judge Gore erred in vacating Judge Bowen's order and decertifying the class previously certified by Judge Bowen. We reverse that portion of Judge Gore's order which vacated the 3 December 1990 order entered by Judge Bowen and which decertified the class certified by the 3 December 1990 order. Further, we hold that Judge Gore erred in refusing to allow the named plaintiffs to represent the previously certified class on their claims against Voyager and U-Can Rent II, and we reverse Judge Gore's order as to U-Can Rent II and Voyager. As to the remaining defendants, the Archers and Chrysler, we affirm Judge Gore's order.

**DUBLIN v. UCR, INC.**

[115 N.C. App. 209 (1994)]

UCR and U-Can Rent I

Rule 23 of the North Carolina Rules of Civil Procedure, in pertinent part, provides:

> (a) *Representation.*—If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued.
>
>                    . . .
>
> (c) *Dismissal or a Compromise.*—A class action shall not be dismissed or compromised without the approval of the judge. In an action under this rule, notice of a proposed dismissal or compromise shall be given to all members of the class in such manner as the judge directs.

N.C. Gen. Stat. § 1A-1, Rule 23.

**[1]** Substantial differences exist between the foregoing rule and its federal counterpart. G. Gray Wilson, North Carolina Civil Procedure, § 23-1 (1989). In particular, section (c)(1) of the federal rule provides: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." Fed. R. Civ. P. 23. Clearly, the federal rule contemplates continuing review of the class certification status of an action. *See* 3B Moore's Federal Practice ¶ 23.50 at 23-410. Rule 23 of the North Carolina Rules of Civil Procedure contains no such provision, *Nobles v. First Carolina Communications*, 108 N.C. App. 127, 423 S.E.2d 312 (1992), *rev. denied*, 333 N.C. 463, 427 S.E.2d 623 (1993), and we will not judicially legislate one. Accordingly, we hold that the trial court was not authorized by our version of Rule 23 to review and modify Judge Bowen's order.

The settled rule in North Carolina is that "no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E.2d 484 (1972). However, in an appropriate context a superior court judge has the power to modify an interlocutory order entered by another superior court judge. *Id.* "Interlocuto-

ry orders are subject to change 'at any time to meet the justice and equity of the case, upon sufficient grounds shown for the same.'" *Id.* (*Quoting Miller v. Justice*, 86 N.C. 26 (1882)). Consequently, interlocutory orders are modifiable for changed circumstances. *State v. Duvall*, 304 N.C. 557, 284 S.E.2d 495 (1981); *Carr v. Carbon Corp.*, 49 N.C. App. 631, 272 S.E.2d 374 (1980), *rev. denied*, 302 N.C. 217, 276 S.E.2d 914 (1981).

**[2]** The order entered by Judge Bowen was interlocutory in the sense that it was made in the progress of the cause and directed a further proceeding preliminary to the final decree. Thus, a subsequent judge could modify the order for circumstances which changed the legal foundation for the prior order. The changed circumstances relied upon by Judge Gore as a basis for modifying Judge Bowen's order were the introduction of new defendants and purported new claims against them. After plaintiffs named UCR and U-Can Rent I as defendants, Chrysler foreclosed on the debt instruments held by UCR and transferred all of the assets previously held by UCR to U-Can Rent II. In the amended complaint, plaintiffs asserted that Chrysler and U-Can Rent II, as assignees or holders of the contracts entered into by plaintiffs, were subject to the claims originally asserted against UCR and U-Can Rent I. As a further ground for subjecting Chrysler and U-Can Rent II to the claims asserted against UCR and U-Can Rent I, plaintiffs brought a successor in interest claim against Chrysler and U-Can Rent II. Plaintiffs also asserted a claim for transfer in fraud of creditors against UCR, Chrysler, and U-Can Rent II. By a supplement to the original complaint, plaintiffs alleged against the Archers a claim for transfer in fraud of creditors.

We are not persuaded that the addition of the new defendants and purported new claims in any way affected the nature of the claims asserted against the original defendants. The intervening fact and legal issues created by the addition of new defendants and purported new claims did not bear on the issues which were previously ruled on by Judge Bowen. *Cf. Calloway, supra.* (Events intervening after denial of motion for change of venue might be grounds for modification of prior order). On the issue of class certification as to the original defendants, there were no changed circumstances, and Judge Gore was bound by Judge Bowen's order. Judge Bowen's order definitively certified the class of plaintiffs. Accordingly, we reverse Judge Gore's order as to UCR and U-Can Rent I. In light of the addition of new defendants and new theories of recovery, the question presented to Judge Gore was whether this class of plaintiffs was enti-

tled to proceed on the additional claims against the additional defendants.

## Voyager, Chrysler, U-Can Rent II, and the Archers

[3] An order denying a motion for class certification, although interlocutory, is immediately appealable because it affects a substantial right. *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 424 S.E.2d 420 (1993), *aff'd*, 335 N.C. 158, 436 S.E.2d 821 (1993) (per curiam). The question as to the propriety of that portion of Judge Gore's order which "denied" plaintiffs' motion for class certification as to Voyager, Chrysler, U-Can Rent II, and James and Janice Archer is properly before us.

The decision to grant or deny class certification rests within the sound discretion of the trial court. *Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 354 S.E.2d 459 (1987). Although the trial court has broad discretion in this regard, the trial court is limited by the context of the privileges provided by Rule 23. *English v. Realty Corp.*, 41 N.C. App. 1, 254 S.E.2d 223, *rev. denied*, 297 N.C. 609, 257 S.E.2d 217 (1979). Although the order entered by Judge Gore speaks in terms of denying plaintiffs' motion for class certification as to Voyager, Chrysler, U-Can Rent II, and James and Janice Archer, we do not believe that Judge Gore made a discretionary ruling as to Voyager and U-Can Rent II. Based on the reasoning enunciated below, we hold that, as a matter of law, the class of plaintiffs as certified by Judge Bowen was entitled to pursue against Voyager and U-Can Rent II the claims originally asserted against UCR and U-Can Rent I, and we reverse Judge Gore's order as to Voyager and U-Can Rent II. We affirm, finding no abuse of discretion, as to the Archers and Chrysler.

## Voyager

[4] UCR and U-Can Rent I impleaded Voyager seeking indemnity for any sums for which they might be found liable based on plaintiffs' claim that they charged excessive insurance fees. Plaintiffs then asserted a crossclaim against Voyager alleging that Voyager charged excessive insurance premiums and that this conduct constituted an unfair and deceptive trade practice. Plaintiffs asserted these same claims against UCR and U-Can Rent I. The crossclaim asserted by plaintiffs is based on the same contracts which plaintiffs alleged in their original complaint were in violation of the law. The nexus between plaintiffs' crossclaim and the third-party claim against Voyager satisfied the prerequisite of Rule 13(g) which mandates that

crossclaims "aris[e] out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relat[e] to any property that is the subject matter of the original action." N.C. Gen. Stat. § 1A-1, Rule 13. The class of plaintiffs was entitled as a matter of law to proceed against Voyager because plaintiffs' crossclaim related to the subject matter of the action between UCR and U-Can Rent I and Voyager and because the cross-claim merely realleged claims which Judge Bowen found to be appropriate for class action procedure.

## U-Can Rent II

[5] In May of 1991, Chrysler, finding that UCR was in default, entered into an agreement with UCR and the Archers entitled "Transfer in Lieu of Foreclosure of Assets of UCR, Inc. . . . To Chrysler First Commercial Corporation." By the terms of this agreement, Chrysler took possession of all of UCR's assets and was entitled to operate UCR's business. Chrysler simultaneously transferred all of UCR's assets to U-Can Rent II which continued to operate the Selma store using the same offices, employees, equipment, and forms previously used by U-Can Rent I. The terms of the transfer agreement expressly excluded any assumption of the liability of UCR or the Archers for conduct alleged in the complaint filed against UCR and U-Can Rent I.

The general rule is that a corporation which purchases all or substantially all of the assets of another corporation is not liable for the transferor's liabilities. *Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 370 S.E.2d 267 (1988). However, when a corporation purchases all or substantially all of the assets of another corporation under circumstances indicating a purpose to avoid the claims of creditors, the transferee is liable for the claims asserted by creditors against the transferor. *Id.*

> [A] corporation holds its property subject to the payment of the corporate debts, and when a corporation sells or transfers its entire property to a purchaser, knowing the fact, the latter is chargeable with knowledge that the property is subject to the corporate debts and that equity will, in proper cases, allow the corporate creditors to follow the property into the hands of the purchaser, for satisfaction of their claims.

*Id.* (*Quoting Everett v. Mortgage Co.*, 214 N.C. 778, 1 S.E.2d 109 (1939)). "Our case law has treated the question of a successor corporation's liability for the debts or liabilities of its predecessor as a

matter of equity, endeavoring to protect the predecessor's creditors while respecting the separateness of the corporate entities." *Id. See also* N.C. Gen. Stat. §§ 35-15 - 17.

We find that under the circumstances of this case plaintiffs are entitled to proceed as a class against U-Can Rent II on the claims contained in the original complaint. The transfer from UCR to U-Can Rent II occurred after Judge Bowen certified the action as a class action. Chrysler had knowledge of the claims being asserted against UCR and U-Can Rent I at the time the transfer was made. U-Can Rent II, as transferee of all the assets of UCR, purchased the contracts which were the subject matter of the plaintiffs' original complaint and operated the Selma store as a "mere continuation" of U-Can Rent I. We conclude, under these circumstances, that it would be inequitable to prohibit the class of plaintiffs as certified by Judge Bowen from proceeding against U-Can Rent II on the claims asserted against UCR and U-Can Rent I. To hold otherwise would sanction the transfer of assets from a corporation defending against a class action to a newly formed corporation, making the original corporation judgment proof, and allow the new corporation to escape from the claims of the class.

We find further grounds in Article 6 of Chapter 25 of the North Carolina General Statutes, the provisions of the Uniform Commercial Code regulating bulk transfers, which entitle plaintiffs, as a matter of law, to proceed against U-Can Rent II on the claims originally alleged against UCR and U-Can Rent I. A bulk transfer is ineffective against the creditors of the transferor unless, pursuant to G.S. § 25-6-104, a schedule of the property transferred and a list of creditors is furnished by the transferor and, pursuant to G.S. § 25-6-105, unless the transferee provides creditors with notice of the transfer. These provisions were designed to avoid manipulative transactions which deny payment to the transferor's creditors. N.C. Gen. Stat. § 25-6-101 (Official Comment). Creditors entitled to the protection of the bulk transfer article "are those holding claims based on transactions or events occurring before the bulk transfer." N.C. Gen. Stat. § 25-6-109. The list of creditors required by G.S. § 25-6-104(1)(a) includes "all persons who are known to the transferor to assert claims against him even though such claims are disputed." N.C. Gen. Stat. § 25-6-104(2).

We find the provisions of the Uniform Commercial Code governing bulk transfers applicable to the transfer of assets from UCR to U-Can Rent II. N.C. Gen. Stat. § 25-6-102. We also find that plaintiffs

are creditors because they held claims against UCR and U-Can Rent I before the bulk transfer. *See Chemical Bank v. Society Brand Inds., Inc.*, 624 F.Supp. 979 (S.D.N.Y. 1985) (holding that plaintiff, who commenced an action against transferee, was a creditor and transfer after initiation of the action was ineffective). Plaintiffs asserted those claims in this action, and UCR knew of them at the time of the bulk transfer. The transfer was ineffective as to the claims asserted by the class of plaintiffs because UCR and U-Can Rent II failed to comply with the requirements of the bulk transfers article. Thus, plaintiffs were entitled, as a matter of law, to proceed against U-Can Rent II.

### Chrysler and the Archers

[6] We conclude that Judge Gore could properly exercise his discretionary authority by refusing to permit the plaintiffs to proceed against Chrysler and the Archers. We can find no basis which would entitle plaintiffs as a matter of right to proceed on the claims contained in the original complaint. Chrysler is not in possession of the contracts of which plaintiffs complain. The transfer in fraud of creditors claim did not alter the nature of the action. Plaintiffs did not assert this claim as an independent action. They asserted it as a means to reach the assets which had been transferred from UCR to U-Can Rent II. Based on our holding that the class of plaintiffs, as certified by Judge Bowen, is entitled to proceed against U-Can Rent II on the claims contained in their original complaint, we affirm Judge Gore's order as to Chrysler and the Archers.

[7] Voyager cross-appeals from the order denying its motion for summary judgment entered by Judge Farmer on 26 February 1992. Orders denying motions for summary judgment are interlocutory and are not appealable unless they affect a substantial right. *Hill v. Smith*, 38 N.C. App. 625, 248 S.E.2d 455 (1978). We must dismiss Voyager's cross-appeal because it is an appeal from an interlocutory order which does not affect a substantial right. *Stonestreet v. Compton Motors, Inc.*, 18 N.C. App. 527, 197 S.E.2d 579 (1973).

Reversed in part and affirmed in part.

Dismissed as to Voyager's cross-appeal.

Judges JOHNSON and JOHN concur.