Hefner v. Mission Hosp., Inc., 2015 NCBC 111.

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 3088

STEPHEN HEFNER, on behalf of
himself and all others similarly
situated,

Plaintiff,

v.

MISSION HOSPITAL, INC., a North
Carolina Corporation; and MISSION
HEALTH SYSTEM, INC., a North
Carolina Corporation, collectively
doing business as MISSION
HEALTH; and DOES 1 through 25,
inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER & OPINION**

{1}     THIS MATTER is before the Court on Plaintiff's Motion to Reconsider
and to Amend Order Denying Class Certification ("Motion to Reconsider"),
Defendants' Motion to Dismiss Plaintiff's Action as Moot ("Motion to Dismiss as
Moot"), and Defendants' Motion to Dismiss Plaintiff's Amended Complaint
Pursuant to N.C.R.C.P. 12(b)(1) ("12(b)(1) Motion to Dismiss") (collectively, with the
Motion to Dismiss as Moot, "Motions to Dismiss").

> *Higgins Benjamin, PLLC by John F. Bloss and Barry L. Kramer Law Offices
> by Barry L. Kramer (*pro hac vice*) for Plaintiff.*

> *Robinson Bradshaw & Hinson, P.A. by Robert W. Fuller, Heyward H.
> Bouknight, III, and Fitz E. Barringer for Defendants.*

Gale, Chief Judge.

## I.     INTRODUCTION

{2}     On December 8, 2014, the Court denied Plaintiff's Motion for Class
Certification on the basis that individual issues of law and fact predominated over

the common issues of law or fact that Plaintiff Stephen Hefner ("Hefner") offered in support of class certification.  Hefner now asks the Court to reconsider class certification and certify a class solely for the purpose of issuing a declaratory judgment regarding the proper construction of the Consent and Authorization Form ("Contract") of Defendant Mission Hospital, Inc. ("Mission").[1]  Mission's Motions to Dismiss seek to dismiss Hefner's individual action on the basis that Hefner's action has become moot.

## II.    BACKGROUND AND PROCEDURAL HISTORY

{3}    The Court limits its discussion of facts and legal principles to those directly relevant to the pending motions, and does not repeat the more-comprehensive legal analysis and factual recitation in the Court's December 8, 2014, Order Denying Plaintiff's Motion for Class Certification ("Prior Class Order"). No. 12 CVS 3088, 2014 NCBC LEXIS 65 (N.C. Super. Ct. Dec. 8, 2014).  The Court incorporates portions of the Prior Class Order as necessary.

{4}    In his original Class Action Complaint, Hefner brought six causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) constructive trust, (4) declaratory judgment, (5) restitution, and (6) injunction.  The declaratory judgment claim alleged that "Plaintiff and members of the class are entitled to a declaration under the Uniform Declaratory Judgment Act, N.C.G.S. §§ 1-253 through 1-267, that the Defendants' billing practices as they relate to class members are illegal."  (Class Action Compl. ¶ 61.)  Later, in his Motion for Class Certification, Hefner presented multiple questions of law and fact that he claimed must be determined to resolve his claims:

> (1) Whether Defendants had a policy and practice of billing class members substantially more than it [sic] was reimbursed by other patients for the same emergency care treatment and services;

---

[1] The Amended Class Action Complaint was brought against Mission Hospital, Inc. and Mission Health System, Inc., but Hefner's proposed class is restricted to include only patients of Mission Hospital, Inc.  For simplicity, this Order & Opinion will refer to both Defendants collectively as "Mission."

(2) Whether the "regular rates and terms" in Mission Hospital's Contract can be construed to refer to its Chargemaster rates, where (a) the Contracts do not reference the Chargemaster rates; (b) the Chargemaster rates are not published or available on Mission's website, and (c) the vast majority of Mission's patients and their government or private insurers are not charged at, do not pay, and are not expected to pay Chargemaster rates;

(3) Whether Defendants are limited, under express or implied contract law, to charging uninsured patients no more than the reasonable value of its emergency treatment and services where its [sic] Contract form contains an open or indefinite pricing term;

(4) Whether Defendants have charged and continues [sic] to charge Plaintiff and putative class members unreasonable and/or unconscionable amounts for emergency medical care in breach of its [sic] Contract and the covenant of good faith and fair dealing;

(5) Whether Defendants have been unjustly enriched by these practices; and

(6) Whether the acts and conduct of Defendants render them liable to Plaintiff and the class for restitution, injunctive relief and/or damages.

(Br. Supp. Pl.'s Mot. Class Certification 15.)

{5}      The Prior Class Order rejected class certification, holding that individual questions of law or fact that must be addressed in order to grant class-wide relief predominated over any common questions. On December 18, 2014, Hefner asked the Court to revisit certification and certify a class for the sole purpose of issuing declaratory relief. In Hefner's brief in support of his Motion to Reconsider, he requests the following declarations for the benefit of a certified class:

(1) That Mission's Chargemaster rates are not its "regular rates and terms"[2] for purposes of the parties' agreement, and that an agreement to pay in accordance with the "regular rates and terms"

---

[2] Mission's Contract requires patients to agree to the following:

> 7. FINANCIAL AGREEMENT. I agree that in consideration of the services to be rendered, I am obligated to pay the account owed by me to Mission Hospitals in accordance with the regular rates and terms of Mission Hospitals.

(Defs.' Memo. Supp. Mot. Dismiss Ex. A ¶ 7.)

> of the hospital is not an agreement to pay the hospital's Chargemaster rates. . . .
>
> (2) Because of the open pricing term, Mission Hospital's reimbursement rates are limited to the reasonable value of the services provided by Mission to its patients.

(Br. Supp. Pl.'s Mot. Reconsider 4.)  As Hefner concedes, these are restatements of common questions one and two from Hefner's initial Motion for Class Certification. Hefner noted, however, that the request in his original Class Action Complaint for a declaration that Mission's billing practices are illegal was "somewhat ambiguous," and stated his intention to file a motion to amend his complaint.  (Br. Supp. Pl.'s Mot. Reconsider 4 n.2.)

{6}    Defendants filed their Motion to Dismiss as Moot on January 21, 2015, arguing that there is no longer an active controversy between the parties. Defendants responded to Hefner's Motion to Reconsider on January 26, 2015.

{7}    Hefner moved to amend his Class Action Complaint on February 9, 2015.  Absent opposition, the Court allowed the Amended Class Action Complaint on February 17, 2015.  The Amended Class Action Complaint is limited to a declaratory judgment claim that is stated with more specificity than the declaratory judgment claim in Hefner's first Class Action Complaint.  Hefner now requests two declarations:

> [1]    Plaintiff and members of the Class are entitled to a declaration that Defendants' contract contains an "open price" term, and does not permit Defendants to bill and to demand payment from self-pay emergency care patients at its [sic] Chargemaster rates.
>
> [2]    Plaintiff and members of the Class are further entitled to a declaration that they are liable to Defendants, under its [sic] contract, for no more than the *reasonable value* of the treatment/services provided.

(Am. Class Action Compl. ¶¶ 45–46.)

{8}    On March 19, 2015, Mission filed its 12(b)(1) Motion to Dismiss, as to which both Hefner and Mission adopt their briefing and arguments from the earlier Motion to Dismiss as Moot, in addition to making limited new arguments.

{9}    Each of the three motions has been fully briefed and argued and is ripe for disposition.

## III.    ANALYSIS

### A. Hefner's Motion to Reconsider

#### 1. Contentions of the Parties

{10}    Hefner argues that the Court can declare whether Mission's Chargemaster rates are its "regular rates," without delving into the individual circumstances of individual patients, particularly because the Court has already recognized that "[t]he parties agree that Mission's charges must be reasonable." *Prior Class Order*, 2014 NCBC LEXIS 65, at *15.  Hefner contends that certification is proper because putative class members need further clarification as to whether they are contractually obligated to pay Chargemaster rates or only the reasonable value of Mission's services, and that a class-wide determination is necessary to prevent a risk of inconsistent determinations.

{11}    Mission contends first that Hefner's Motion to Reconsider has no legitimate procedural basis under Rule 54(b) and Rule 56(b) of the North Carolina Rules of Civil Procedure ("Rule(s)").  Substantively, Mission asserts that class certification remains improper because a determination of whether the phrase "regular rates and terms" is an open price term necessarily requires an inquiry into the individual circumstances of each putative class member.  Mission further argues that the Court cannot make a meaningful class declaration because, even if the Court was to determine that Chargemaster rates were not Mission's regular rates, the ultimate determination of charges for any individual patient must take into account the particularized circumstances as to any discounts or other accommodations made for that patient.

#### 2. Analysis

{12}    It is not clear in the first instance whether North Carolina's Rule 23 allows the Court to revisit the question of class certification.  *See Dublin v. UCR,*

*Inc.*, 115 N.C. App. 209, 219, 444 S.E.2d 455, 461 (1994) (refusing to "judicially legislate" into Rule 23 a provision that permits the continuing review of a class certification opinion).  Even assuming such authority, Hefner has not demonstrated any changed circumstances that may arguably shift the legal foundation of the Court's Prior Class Order and justify revisiting the issue.[3]  *See id.* at 219–20, 444 S.E.2d at 461.

{13}　The Court finds no basis for reconsideration and concludes that the same reasoning by which the Court previously denied certification applies to Hefner's Amended Class Action Complaint.  One legal issue cannot be divorced from its facts just to secure a class-wide determination.  That is not Rule 23's intent.

{14}　The evidentiary record developed in preparation for Plaintiff's Motion for Class Certification demonstrates that Mission's practices vary from patient-to-patient regarding whether it delivers information about a patient's charges and discounts before or after services.  The question of whether Mission's Contract included an open price term as to an individual patient necessitates an individualized factual inquiry as to whether the ultimate price of services was capable of being made certain to that patient.  *See Elliott v. Duke Univ., Inc.*, 66 N.C. App. 590, 596, 311 S.E.2d 632, 636 (1984); *c.f. Shelton v. Duke Univ. Health Sys.*, 179 N.C. App. 120, 125, 633 S.E.2d 113, 116 (2006) (noting that whether a patient inquired into the cost of services is relevant to the inquiry of whether a price term was sufficiently definite).  The answer to the question of whether the price of an individual's services pursuant to Mission's regular rates and terms was ascertainable at the time the putative class member signed the Contract would necessarily vary between class members and would require an individualized

---

[3] Admittedly, *Dublin v. UCR, Inc.* arose in the context of a superior court judge who was asked to modify an earlier judge's class certification order, whereas this Court may have some authority to revisit its own interlocutory orders under Rule 54(b).  115 N.C. App. at 219, 444 S.E.2d at 461; *see also* N.C. R. Civ. P. 54(b) ("[I]n the absence of entry of . . . a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

inquiry into the circumstances of each class member. *See Prior Class Order*, 2014 NCBC LEXIS 65, at \*21–23.

{15} The Court further concludes that class certification is improper on a separate basis. A declaratory judgment is proper in the class action context when such a declaration may finally resolve a common issue for all class members, but that is not the case here. *See id.* at \*12 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)); *Faulkenbury v. Teachers' & State Emps.' Ret. Sys.*, 345 N.C. 683, 483 S.E.2d 422 (1997). The Court reiterates its finding that

> certain facts in the developed record suggest that it may not always be the case that charges billed to an insured patient are less than charges billed to an uninsured or self-pay patient who was afforded a discount . . . . Further, Plaintiff's proposed class definition does not account for the fact that there are significant variations among putative class members themselves as to how they may have been billed, negotiated discounts, paid their bill, or qualified for revised charges based on ultimate Medicaid eligibility.

*Prior Class Order*, 2014 NCBC LEXIS 65, at \*23. As a result of these variations, Hefner's requested declaration may resolve nothing for a large segment of the putative class. Because Hefner's proposed class definition contains allowances for discounts to class members' bills of up to fifty percent, a declaration that Mission's Contract does not bind patients to pay Chargemaster rates is likely to prove meaningless to putative class members whose bill had been reduced below a reasonable amount by Mission's charity care discount, prompt payment discount, or other discounting programs. The fact that the requested declaration—even if granted—is unlikely to resolve any issues that are "central to the validity" of certain putative class members' claims further weighs against class certification. *See Wal-Mart Stores*, 131 S. Ct. at 2551.

{16} In sum, the Court remains of the view that "there are substantial factual issues individual to the proposed class members" that would make granting Hefner's request for a declaratory judgment "on a class-wide basis . . . at least impractical, if not impossible." *Prior Class Order*, 2014 NCBC LEXIS 65, at \*23. Nothing in the Amended Class Action Complaint or in Hefner's restated arguments

leads to a contrary conclusion. The Court again exercises its discretion to determine that pursuing the declaratory judgment as a class action is not superior to adjudicating the controversy between the Mission and the putative class members through other means. *See Crow v. Citicorp Acceptance Co.*, 319 N.C. 274, 284, 354 S.E.2d 459, 466 (1987).

{17} Accordingly, Hefner's Motion to Reconsider is DENIED.

## B. Mission's Motions to Dismiss

{18} The facts upon which Mission rests its Motions to Dismiss are largely undisputed, but the parties have contrasting views as to the legal significance of those facts.

{19} On November 11, 2011, Hefner went to Mission's emergency room for treatment. He signed Mission's Contract. After undergoing several tests, Hefner was discharged, and Mission later billed him $4,217.08. Hefner contacted Mission and was offered a twenty-percent discount if he paid the bill promptly. He declined, stating an inability to pay the discounted amount. After this action was filed, Mission became aware that Hefner was insured under a high-deductible Blue Cross Blue Shield of North Carolina ("BCBS") policy. Mission then recalculated his bill using the discount negotiated by BCBS on behalf of its insureds. Hefner has paid only $175.00 of his bill. He contends that the reasonable value of the services he received "would be no more than approximately $1,500.00." (Am. Class Action Compl. ¶ 34.) Mission has now made binding judicial admissions that it will not seek to collect on Hefner's bill. Further, the statute of limitations on any claim arising from Hefner's nonpayment has expired.

{20} Based on these facts, Mission argues that Hefner's claim has become moot and should therefore be dismissed under Rule 12(b)(1) because the Court no longer has subject-matter jurisdiction over the claim. Mission's mootness argument is predicated on the allegations that there is no possibility of damage to Hefner, no active controversy between the parties, and no possibility that a controversy may develop in the future. Hefner argues that the controversy is not mooted because

Mission's forgiveness of his debt has tax consequences for him, and that, at any rate, mootness must be considered in the context of the liberal construction of the North Carolina Declaratory Judgment Act, which allows a contract to be construed either before or after the contract is breached. *See* N.C. Gen. Stat. §§ 1-264, -254 (2013).

{21}    The Court notes that it now considers the mootness of the individual claim only after having determined that certification of Hefner's proposed class is improper. As a result, the Court need not consider the effect of the hypothetical situation where Mission forgives the debts of other self-pay patients who bring litigation against Mission on a similar basis as Hefner.

{22}    "Because a moot claim is not justiciable, and a trial court does not have subject matter jurisdiction over a non-justiciable claim, mootness is properly raised through a motion under [Rule 12(b)(1)]." *Yeager v. Yeager*, 228 N.C. App. 562, 565, 746 S.E.2d 427, 430 (2013). In ruling on a Rule 12(b)(1) motion, the Court may consider and weigh matters outside of the pleadings. *Emory v. Jackson Chapel First Missionary Baptist Church*, 165 N.C. App. 489, 491, 598 S.E.2d 667, 670 (2004). To determine whether an issue has become moot, the Court may examine facts or developments that have occurred since the commencement of the action. *In re Peoples*, 250 S.E.2d 890, 912, 296 N.C. 109, 148 (1978). "If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of the case, it must dismiss the case for want of jurisdiction." *Time Warner Entm't Advance/Newhouse P'ship v. Town of Landis*, 228 N.C. App. 510, 514, 747 S.E.2d 610, 613–14 (2013) (quoting *Sarda v. City/Cty. of Durham Bd. of Adjustment*, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003)).

{23}    Admittedly, Hefner is correct that the Declaratory Judgment Act is to be liberally construed. N.C. Gen. Stat. § 1-264. However, for the Court to have jurisdiction over a declaratory judgment claim, there must be a justiciable case or controversy. *Time Warner*, 228 N.C. App. at 515, 747 S.E.2d at 614; *see also N.C. Dep't of Corr. v. N.C. Med. Bd.*, 363 N.C. 189, 198, 675 S.E.2d 641, 647 (2009) (noting that a "Superior Court has jurisdiction to render a declaratory judgment

only when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise" (quoting *Nationwide Mut. Ins. Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 656–57 (1964))).

{24}     "[T]he Declaratory Judgment Act does not 'require the [C]ourt to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when the occasion might arise.'" *Time Warner*, 228 N.C. App. at 516, 747 S.E.2d at 615 (quoting *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984)).  When the determination sought has no practical effect on the existing controversy, the case is moot, because the Court is not required to decide "abstract propositions of law." *Lange v. Lange*, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (quoting *In re Peoples*, 296 N.C. at 147, 250 S.E.2d at 912).

{25}     The Court concludes that precedent dictates that Hefner's claim be dismissed as moot.  Mission has unequivocally bound itself to seek no payment from Hefner, and Hefner has conceded that the services Mission rendered to him had some reasonable value, yet he paid only a fraction of that value.  As a result, the Court concludes that it is being asked to make a declaration in the nature of an advisory opinion, that there is no longer an actual controversy between Mission and Hefner, and that Hefner's claim is moot.  *See id.* at 647, 588 S.E.2d at 879.

{26}     The Motions to Dismiss are GRANTED, and the Amended Class Action Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED, this the 15th day of December, 2015.


/s/ James L. Gale
James L. Gale
Chief Special Superior Court Judge
  for Complex Business Cases