ALFRED MAY, Guardian, v. W. A. DARDEN, Adm'r, and others.

*Appeal—Costs.*

Although the general rule is that no appeal lies from a judgment for costs only, yet there is an exception in favor of fiduciaries, to be inferred from Bat. Rev., ch. 45, § 54, which makes the decision in those cases "one affecting substantial rights."

(*Kidd* v. *Morrison*, Phil. Eq., 31 ; *State* v. *R. R. Co.*, 74 N. C., 287, cited and approved.)

CIVIL ACTION upon a guardian bond tried at Spring Term, 1880, of PITT Superior Court, before *Avery, J.*

Alfred Turnage, the former Guardian of Neta Turnage, and having funds in his hands belonging to the infant, died intestate on the 25th of June, 1879, and shortly thereafter the defendant, W. A. Darden, was appointed his administrator. Some time early in August following, the relator, Alfred May, was appointed guardian to said infant, and on the 21st of the same month brought the present action

against the defendant as administrator and the others, sure·
ties on the guardian bond, to recover the ward's estate, claim-
ing to be due on the returns of January 5th, 1879, the sum
of nine hundred and seventy dollars and seventy-six cents
and interest thereon since. The. defendant answers admit·
ting the indebtedness alleged, assenting to the recovery of
judgment for that sum, and insisting that the action was
prematurely and unnecessarily brought. There was an
order of reference, and the referee in his report finds due to
the ward on January 1st, 1880, nine hundred and ninety-
nine dollars and eighty-one cents with compound interest
thereon from that date. The defendant Darden excepted
to so much of the report as charged his intestate's estate
with the payment of the costs of suit, in which is included
the allowance for the report. The court overruled the ex-
ception and gave judgment for the penalty of the bond to
be discharged by the payment of the sum reported by the
referee, and that the costs be paid out of the assets of the in-
testate, if any, in the hands of his administrator, from which
judgment the defendant appealed.

·*Messrs. W. B. Rodman* and *Reade, Busbee & Busbee,* for
plaintiff.
*Mr. George V. Strong,* for defendant.

SMITH, C. J. The only point presented in the appeal is
the adjudication of costs against the defendant for the rea-
sons assigned : 1st. That the claim was not presented for
payment before suit. 2nd. That payment was not unrea-
sonably delayed. 3d. Nor did the defendant refuse to refer
the matter in controversy as provided by the act of 1868'–69.
· The act referred to declares that " no costs shall be re-
covered in any action against an executor, administrator or
collector unless.it appears that the payment was unreasona-
bly delayed or neglected, or that the defendant refused to

refer the matter in controversy, pursuant to section fifty, in which cases the court may award such costs against the defendant personally or against the estate, as may be just." Bat. Rev., ch. 45, § 54. The purpose of the statute was obviously to urge these representatives to a prompt and early settlement of claims against the deceased, and to protect the estate, when proper diligence was used, from costs needlessly incurred by creditors in prosecuting their claims. The meaning is too plain to admit of doubt, and it plainly meets the present case.

Less than twenty days passed after the defendant's appointment before the action was brought. There was no controversy about the amount due as stated by the intestate himself in his last return to the probate court. The reference resulted in reducing the sum which the defendant admitted in his answer and offered to pay. The reference was as profitless as the suit was premature in allowing the administrator no time to adjust and pay the debt. Certainly payment was not, in the language of the act "*unreasonably delayed*" and unless it was, the evils should not fall on the intestate's estate.

The plaintiff insists, first, that no appeal lies from a judgment for costs only, (*Kidd* v. *Morrison*, Phil. Eq., 31; *State* v. *R. & D. R. R.*, 74 N. C., 287,) and secondly, that the costs must be borne by the party against whom a recovery is made. We think neither proposition can be maintained. The cases cited are to the effect that where the essential subject matter is destroyed, lost or adjusted, an appeal will not be allowed from a jugment disposing only of the costs. This is not our case. Here the plaintiff recovers the damages demanded and the error assigned is in that part of it which (overruling the defendant's exception) imposes the costs upon the intestate's estate. This is certainly an order or determination involving a matter of law and "which affects a substantial right claimed in the action." C. C. P., § 299.

Nor are the citations from the various sections of the Code and Revisal regulating the taxation of costs generally, pertinent to the present case, for which a special provision is made.

We must therefore declare so much of the judgment as requires the costs to be paid from the intestate's estate in the hands of his administrator, the defendant Darden, erroneous, and it is in this respect reversed and the appellant will pay the costs of his appeal to this court.

Error.                               Judgment accordingly.