J. C. HORNER v. OXFORD WATER AND ELECTRIC COMPANY.

(Filed 9 November, 1911.)

1. Appeal and Error—Taxing Costs—Reference—Questions of Law.
    A ruling of the Superior Court judge that as a matter of law he is precluded by a former judgment from taxing the cost of a reference, is reviewable in the Supreme Court.

2. Same—Procedure—Interpretation of Statutes.

   · A former judgment appealed from and affirmed by the Supreme Court, "that the defendants do recover against the plaintiff and the surety on his prosecution bond the costs of this action," does not preclude a subsequent trial judge from taxing the cost of reference "against either party or apportioning it among the parties in his discretion" (Revisal, sec. 1268) ; and, in this case, it is ordered that at a subsequent term the trial judge pass on the question and tax the cost of the reference in accordance with the statute.

APPEAL from *Daniels, J.,* at May Term, 1911, of GRANVILLE.

Motion to divide the fees of referee and commissioner between plaintiff and defendant, under Revisal, sec. 1268. The court denied the motion, and plaintiff appealed.

*Graham & Devin and B. S. Royster for plaintiff.*
*John W. Hinsdale for defendant.*

BROWN, J. At August Term, 1910, of the Superior Court of Granville County, *Judge Lyon* rendered judgment against the plaintiff, dissolving the restraining order theretofore issued, and ordered, "That the defendants do recover against the plaintiff and the surety on his prosecution bond the costs of this action." From said judgment plaintiff appealed to Supreme Court, which affirmed the judgment. 153 N. C., 535.

Upon the opinion being certified down, the defendant, at May Term, 1911, moved for judgment in accordance with said opinion. Plaintiff moved that the allowance to the referee and stenographer and commissioner to take depositions be paid equally by plaintiff and defendant. The court "being of opinion that he is concluded by the judgment rendered at a former term, adjudging that the defendant recover of plaintiff the payment by defendant of any part of the costs, adjudged that the defendant above named do recover against plaintiff above named the costs of this action, including an allowance to the referee of $375; $75 of which shall be paid to his stenographer as a part of the costs of the referee, and costs of taking depositions, Francis J. McLaughlin, commissioner, $38.75, and Harry Winfield, commissioner, $20. It is ordered that the clerk shall tax the said amounts in the costs in this action." From this ruling the plaintiff appealed.

The court made no allowance to referee and commissioner at August Term, 1910, when the judgment was rendered which this Court affirmed; but those fees were fixed and allowed by *Judge Daniels* at May Term, 1911. His Honor bases his refusal to apportion them upon a supposed lack of power, thinking he was precluded by the former judgment.

In that he was in error, and as he founds his ruling upon a lack of power, it is reviewable. *S. v. Fuller,* 114 N. C., 894; *Martin v. Bank,* 131 N. C. 123. We think he had as much right to apportion or divide the fees, if he saw fit to do so, as he had to fix them at all.

Under Revisal, sec. 1268, fees of referees and commissioners to take depositions may be taxed against either party or apportioned among the parties, in the discretion of the Superior Court. *Cabb v. Rhea,* 137 N. C., 298; *Field v. Wheeler,* 120 N. C., 269.

As the judge who tried the cause and rendered judgment failed to pass on the matter of referee's fees and commissions, and as the judgment then rendered contains no reference to them, it was entirely within the power of the Superior Court at a subsequent term to adjust them.

The Superior Court will hear and pass on the motion and tax them as a whole against plaintiff or apportion them in its sound discretion between plaintiff and defendant.

Reversed.