McGEE, Judge.
This appeal arises from an order staying plaintiffs' declaratory judgment action pending the resolution of a lawsuit filed in Florida by defendant against plaintiffs. The case concerns the parties' rights and obligations under a series of agreements governing the purchase and sale of coal-based synthetic fuel production facilities and performance of related services. Plaintiffs originally filed a declaratory judgment action against defendant on 24 September 2002 in the United States District Court for the Eastern District of North Carolina regarding the parties' contractual relationship. Plaintiffs served defendant with the declaratory judgment action in January 2003. Seeking declaratory and affirmative relief, defendant filed a more comprehensive action in state court in Florida regarding, inter alia, the same contractual issues as in plaintiffs' federal action.
Plaintiffs voluntarily dismissed their federal complaint in April 2003 and filed a substantially similar declaratory judgment action in Wake County Superior Court. Plaintiffs also moved to stay the litigation pending in Florida. Defendant thereafter moved to dismiss plaintiffs' North Carolina declaratory judgment action pursuant to the North Carolina Declaratory Judgment Act. N.C. Gen. Stat. § 1-253 (2003). The trial court in Wake County denied defendant's motion to dismiss but found that "in an exercise of its discretion that, in light of the totality of the circumstances presented in this case, it is appropriate for this declaratory judgment to be stayed pending resolution of the matters pending in the Florida case[.]" The trial court further stated that it would not consider any matters in the case until "(1) the legal issues presented in the Florida lawsuit . . . are resolved, or (2) there is a substantial and material change in the nature of the proceedings pending in the Florida case that makes judicial action in this case appropriate."
Plaintiffs filed notice of appeal and defendant filed noticeof cross-appeal. Defendant filed a motion to dismiss plaintiffs' appeal on 27 October 2003.
"An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." Howerton v. Grace Hospital, Inc., 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996). The parties agree that the order staying the proceedings is interlocutory. It is well-established that when an appeal is interlocutory, a party is not generally entitled to an immediate appeal. Abe v. Westview Capital, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998). "`The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.'" Lee v. Baxter, 147 N.C. App. 517, 519, 556 S.E.2d 36, 37 (2001) (citation omitted).
There are two exceptions wherein a party may appeal from an interlocutory order.
First, a party is permitted to appeal from an interlocutory order when the trial court enters "a final judgment as to one or more but fewer than all of the claims or parties" and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.
Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (internal citations omitted). In addition, in rare situations, an appeal of right from an interlocutory order may be granted pursuant to explicit statutory authority.
In the case before us, there was not a certification of the order by the trial court pursuant to Rule 54(b) and therefore any appeal of right from the interlocutory order depends on whether the order affects a substantial right. "The `substantial right' test for appealability of interlocutory orders is that `the right itself must be substantial and the deprivation of that . . . right must potentially work injury . . . if not corrected before appeal from final judgment.'" Frost v. Mazda Motors of Am., Inc., 353 N.C. 188, 192-93, 540 S.E.2d 324, 327 (2000) (citations omitted). Our Supreme Court has noted that
[t]he test is more easily stated than applied: "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered."
Id. at 193, 540 S.E.2d at 327 (quoting Waters v. Personnel, Inc., 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978)).
In this case, plaintiffs assert that if their North Carolina declaratory judgment action does not proceed, their property interests in certain synthetic fuel production facilities may not be marketable due to defendant's claims. Plaintiffs contend that with each day that litigation remains unresolved, the value of those interests decreases and ultimately plaintiffs may be unable to sell the interests. Plaintiffs also suggest they will be harmedby litigating in Florida because the alleged resulting time delay would further decrease the value of those property interests. Plaintiffs note that it will "take years to resolve [the issues] as the myriad claims meander through trial and appellate courts in Florida."
After careful review, we conclude that plaintiffs will not be irreparably injured should the trial court's order remain in effect. Plaintiffs have not indicated that they have a prospective buyer for their ownership interests in those synthetic fuel production facilities. Plaintiffs' assertions are speculative and as such are insufficient to support an appeal from an interlocutory order. Furthermore, the trial court noted in its order that the stay would be lifted should there be a "substantial and material change" in the lawsuit pending in Florida.
In addition to asserting a substantial right to proceed with an interlocutory appeal, plaintiffs argue that pursuant to N.C. Gen. Stat. § 1-75.12 (2003), they are entitled to immediate review of the trial court's order regardless of whether it is interlocutory. N.C.G.S. § 1-75.12(a) provides
If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial.
By express statutory provision, there is an immediate right ofappeal when a stay has been issued in accordance with N.C.G.S. § 1-75.12(c) ("Whenever a motion for a stay made pursuant to subsection (a) above is granted, any nonmoving party shall have the right of immediate appeal.").
Because plaintiffs did not bring N.C.G.S. § 1-75.12 to the attention of the trial court, they cannot now argue its applicability upon appeal to defend against dismissal due to the interlocutory appeal. Our Courts have long recognized that a "defendant may not swap horses after trial in order to obtain a thoroughbred upon appeal." State v. Benson, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988). Therefore, we do not address the relevance and impact of N.C.G.S. § 1-75.12 in our review of defendant's motion to dismiss plaintiffs' appeal.
We conclude that the trial court's order staying plaintiffs' declaratory judgment action in favor of litigation pending in Florida does not deprive plaintiffs of a substantial right nor may plaintiffs exercise an immediate right of appeal as provided by N.C.G.S. § 1-75.12. Plaintiffs also request that we treat their appeal as a petition for writ of certiorari. For the foregoing reasons, we deny plaintiffs' request and dismiss plaintiffs' appeal.
Defendants submitted to this Court a "reply brief in support of its motion to dismiss appellants' appeal," and plaintiffs thereafter filed a motion to strike defendant's "reply brief," to which defendants filed a "response in opposition" to plaintiffs' motion to strike. Although the North Carolina Rules of AppellateProcedure do not explicitly bar parties from filing reply briefs in response to motions filed with this Court, we decline to consider defendant's "reply brief" or "response." Defendant has cited no authority by which these filings are to be considered by this Court. While N.C.R. App. P. 28(h) permits a party to file a reply brief in limited situations, N.C.R. App. P. 37, which concerns motions in the appellate courts, has no similar provision. Therefore plaintiffs' motion to strike defendant's "reply brief" is granted and we further decline to consider defendant's "response."
Finally, defendant states that should this Court dismiss plaintiffs' appeal, it does not intend to pursue its cross-appeal at this time and asks this Court to defer consideration of the jurisdictional issues raised in its cross-appeal until there is an appeal from a final judgment. Therefore, we do not address defendant's cross-appeal.
Plaintiffs' appeal is dismissed.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).