ELMORE, Judge.
On 25 June 2003, plaintiff Jewel E. Huse filed a complaint alleging injuries resulting from an automobile accident caused by defendant's negligence. Defendant Angeline Pennell Reid answered the complaint and admitted negligence in causing the accident. Subsequently, defendant's attorney wrote plaintiff's attorney and requested that counsel provide an admission or discharge summary so that plaintiff's medical bills could be correlated to her injuries. However, plaintiff's counsel failed to provide any report other than to provide copies of plaintiff's medical bills.
On 26 August 2003, defendant served a formal request for production of documents requesting copies of plaintiff's medical reports. Plaintiff responded by stating that the documents would be made available for inspection and copying at plaintiff's attorney's law office. Plaintiff further stated that defendant's counsel was to furnish any equipment needed for copying the documents. Defendant's counsel sent a letter to plaintiff's counsel stating that he would appear on 7 October 2003 to inspect and copy plaintiff's medical reports, and that he would bring his own photocopy machine and paper. However, on 7 October 2003 when counsel arrived to copy the documents, plaintiff's counsel refused to allow him to plug his photocopy machine into any electrical outlet and stated that counsel would have to do so elsewhere. Counsel transported the machine and documents to the Caldwell County Courthouse. Upon inspection of the documents, counsel discovered that they were the same medical bills that had been produced previously. On 30 December 2003, defendant filed a motion seeking entry of an order compelling plaintiff to make discovery, taxing costs, including attorney's fees, and imposing sanctions for plaintiff's failure to provide discovery. On the same day, plaintiff's counsel indicated that he was willing to have his client sign a medical release so that defendant could obtain plaintiff's medical records.
On 4 February 2004, the trial court entered an order awardingdefendant's counsel sanctions. The trial court found that the motion to compel was rendered moot by the medical release authorization signed by plaintiff. However, the trial court concluded that the conduct of plaintiff's counsel "was unprofessional, wrongful and egregious. . . ." Accordingly, the trial court taxed plaintiff's counsel personally in the amounts of $109.60 in costs and $1,000.00 in attorney's fees. Plaintiff appeals.
Plaintiff argues that there was no competent evidence and insufficient findings of fact to justify sanctions. Plaintiff claims that the hearing consisted of unverified statements of defendant's counsel. Accordingly, plaintiff asserts that the trial court abused its discretion in awarding sanctions.
After careful review of the record, briefs and contentions of the parties, we affirm. "The imposition of discovery sanctions is within the sound discretion of the trial judge and will not be reversed absent a showing of abuse of that discretion." Smitheman v. National Presto Industries, 109 N.C. App. 636, 640, 428 S.E.2d 465, 468 (1993)(citing Roane-Barker v. Southeastern Hospital Supply Corp., 99 N.C. App. 30, 36, 392 S.E.2d 663, 667 (1990), disc. review denied, 328 N.C. 93, 402 S.E.2d 418-19 (1991)). The test for abuse of discretion is whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. Frost v. Mazda Motors of Am., Inc., 353 N.C. 188, 540 S.E.2d 324 (2000).
Here, we find the trial court's award of sanctions wassupported by sufficient findings of fact, which were in turn supported by competent evidence. The trial court found that plaintiff's counsel: (1) refused to provide medical reports; (2) refused to allow his client to sign a medical authorization; (3) failed to notify counsel that he had not obtained copies of the medical reports prior to counsel traveling from Wilkesboro to Lenoir to inspect and copy those reports; and (4) refused to allow counsel to plug a photocopy machine into an electrical outlet, compelling counsel to go elsewhere to obtain electrical current so the documents could be copied. These findings were based on verified motions, affidavits, and attached exhibits in the record. Furthermore, plaintiff's counsel admitted the truthfulness of the allegations at the hearing. Accordingly, we conclude the trial court did not abuse its discretion in awarding sanctions to defendant's counsel.
Affirmed.
Judges HUNTER AND STEELMAN concur.
Report per Rule 30(e).